WILLIAM H. WOODARD, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM, A CORPORATION; BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM, A BODY POLITIC AND CORPORATE; DENNIS DUCKER, DIRECTOR OF THE RETIREMENT SYSTEMS DIVISION AND DEPUTY TREASURER FOR THE STATE OF NORTH CAROLINA (IN HIS OFFICIAL CAPACITY); HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA AND CHAIRMAN OF THE BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES); STATE OF NORTH CAROLINA, DEFENDANTS

No. 9110SC1024

(Filed 5 January 1993)

1. **Appeal and Error § 176 (NCI4th) — notice of appeal to Court of Appeals — subsequent voluntary dismissal as to one defendant — proper**

As in *Faulkenbury v. Teachers' and State Employees' Retirement System*, 108 N.C. App. 357, to which this case is virtually identical both factually and legally, plaintiffs successfully dismissed their action as to defendant Boyles in his individual capacity after notice of appeal.

**Am Jur 2d, Appeal and Error § 355.**

2. **Administrative Law and Procedure § 58 (NCI4th)— appeal— administrative exhaustion—inadequacy and futility of administrative review**

   As in *Faulkenbury v. Teachers' and State Employees' Retirement System*, 108 N.C. App. 357, to which this case is virtually identical both factually and legally, plaintiffs did not need to exhaust their administrative remedies where they specifically alleged inadequacy and futility of administrative review.

   **Am Jur 2d, Administrative Law §§ 603, 605.**

3. **Limitations, Repose, and Laches § 111 (NCI4th)— disability benefits changed—§ 1983 action—statute of limitations— continuing violation doctrine not applicable**

   As in *Faulkenbury v. Teachers' and State Employees' Retirement System*, 108 N.C. App. 357, to which this case is virtually identical both factually and legally, the denial of defendants' motion to dismiss on the basis that the statute of limitations had run on plaintiffs' 42 U.S.C. § 1983 action was reversed.

   **Am Jur 2d, Limitation of Actions § 107.**

   Judge WALKER concurring in part and dissenting in part.

Appeal by defendants from orders denying defendants' motions to dismiss the complaint and from order certifying the action as a class action. These orders were entered 28 June 1991 in Wake County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 14 May 1992.

*Marvin Schiller and Womble Carlyle Sandridge & Rice, by G. Eugene Boyce and Donald L. Smith, for plaintiffs-appellees.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Tiare B. Smiley, Special Deputy Attorney General Norma S. Harrell, and Assistant Attorney General Alexander McC. Peters, for defendants-appellants.*

LEWIS, Judge.

The present case is virtually identical, both factually and legally, to *Faulkenbury v. Teachers' and State Employees' Retirement System of North Carolina*, filed simultaneously herewith. By this

action the plaintiffs challenge an amendment, effective 1 July 1982, to the retirement disability statute in place for local government employees in this State. The case is before this Court from a denial of defendants' motion to dismiss the action, and from the trial court's certifying the action as a class action.

Plaintiff William H. Woodard was a police officer for the City of Greensboro from 1957 until he retired on disability at the end of 1985. Because he had more than five years of creditable service at the time of his retirement, Woodard was a vested member of the Law-Enforcement Officers' Retirement System, and was eligible for a disability retirement pension. His rights under the Retirement System had also vested by the time of the amendment to the statute.

As of 1 January 1986, the membership of all presently employed law-enforcement officers, beneficiaries who were last employed as officers, and surviving beneficiaries of officers last employed by a county, city, town or other State political subdivision was transferred from the Law-Enforcement Officers' Retirement System as provided for in Article 12, Chapter 143 of the North Carolina General Statutes to the North Carolina Local Governmental Employees' Retirement System ("Local Retirement System"). N.C.G.S. § 143-166.50(b) (1990). The latter, with which we are concerned, is provided for under Article 3 of Chapter 128 of the General Statutes. The transfer in no way diminished any accrued or inchoate rights of any members of the Law-Enforcement Officers' Retirement System. N.C.G.S. § 143-166.50(c) (1990).

Plaintiff Woodard and the class member plaintiffs, vested members and beneficiaries of the Local Retirement System, contend that N.C.G.S. § 128-27(d4), "Allowance on Disability Retirement of Persons Retiring on or after July 1, 1982," (the same provision found previously in N.C.G.S. § 143-166(y) ), awards them lower benefits than they would be entitled under the former disability provision. N.C.G.S. § 143-166(y) (1977) set forth the method for calculating the amount of benefits owed a person retiring on disability. This provision read:

> Upon retirement for disability, . . . a member shall receive a service retirement allowance if he has qualified for an unreduced service retirement allowance; otherwise the allowance shall be equal to a service retirement allowance calculated on the member's average final compensation prior to his disabili-

**WOODARD v. LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM**

[108 N.C. App. 378 (1993)]

ty retirement and the creditable service he would have had had he continued in service until <u>his 55th birthday.</u>

The underlined portion of this statute was amended, effective 1 July 1982, to read, "the earliest date on which he would have qualified for an unreduced service retirement allowance." This amendment, then, calculates the disabled retiree's benefits as if he had worked to the age of 55, or thirty years, whichever comes first. Therefore, a member who begins creditable service at age twenty and whose rights have vested can at the most receive a benefit calculated as if he had worked thirty years. Plaintiff Woodard alleges that under this statutory modification, he had been underpaid his disability retirement benefit by at least $100.00 each month. Upon plaintiff Woodard's motion, the trial court certified the suit as a class action, thereby bringing in all persons whose rights had vested under the statute and who claim entitlement to disability retirement benefits pursuant to the unamended N.C.G.S. § 143-166(y) provision.

In this action, as in *Faulkenbury*, the plaintiffs allege that since their rights had vested under the previous statute, the amended statute violates their due process and equal protection rights under 42 U.S.C. § 1983, that it constitutes an unconstitutional impairment of the obligations of contracts in violation of Article I, Section 10 of the United States Constitution, and that it constitutes a breach of fiduciary duty. The plaintiffs also allege violations of the North Carolina Constitution, specifically, Article I, Sections 1 and 19, and a violation of N.C.G.S. Chapter 128.

For these alleged wrongs, the plaintiffs request a declaratory judgment stating that N.C.G.S. § 143-166(y) as that statute read prior to 1 July 1982 (now § 128-27(d4) ) is unconstitutional as applied to them and hence they are entitled to receive disability benefits calculated under N.C.G.S. § 143-166(y) (1977). Furthermore, plaintiffs request a constructive or resulting trust be impressed upon all funds held by defendants to which plaintiffs claim entitlement. Finally, plaintiffs' complaint states, "This is a Complaint for damages and for other relief, including 42 U.S.C. § 1983, a Class Action and an Action for a Declaratory Judgment pursuant to N.C.G.S. § 1-253 *et seq.* and for a Writ of Mandamus or other appropriate order."

**WOODARD v. LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM**

[108 N.C. App. 378 (1993)]

Because the issues on appeal are identical to those raised in the companion case of *Faulkenbury*, our opinion is consistent with our opinion in that case.

**[1]** First, the plaintiffs have successfully voluntarily dismissed their action as to defendant Boyles in his individual capacity only pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. Defendants' appeal on this issue is dismissed.

**[2]** We hold that for the reasons stated in *Faulkenbury*, the plaintiffs did not need to exhaust their administrative remedies.

**[3]** We reverse the trial court's denial of defendants' motion to dismiss on the basis that the statute of limitations had run on plaintiffs' 42 U.S.C. § 1983 action. Defendants maintain the statute of limitations began running on 1 July 1982—the date N.C.G.S. § 143-166(y) was amended. At the very latest, defendants contend, the statute began to run when plaintiff Woodard received his first disability retirement payment. While the record appears to be silent on the precise date of Woodard's first payment, this Court will assume it was in January 1986, given his retirement occurred at the end of December 1985. In either case, the three year statute had run by the time plaintiffs instituted the action in January 1991. Neither the equitable doctrine of demand and refusal nor the continuing violation doctrine saves this cause of action.

Affirmed as to the trial court's denial of defendants' motion to dismiss on the issue of constitutional impairment of obligation of contract and as to the certification of the lawsuit as a class action.

Reversed and remanded to the Superior Court with instructions to enter motions to dismiss on the issues of:

Plaintiffs' 42 U.S.C. § 1983 action and plaintiffs' breach of fiduciary duty claim.

Judge WYNN concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part, dissenting in part.

I concur with the majority opinion in all aspects except that portion which addresses plaintiffs' claim of breach of fiduciary

duty, to which I respectfully dissent for the reasons set forth in *Faulkenbury v. Teachers' and State Employees' Retirement System of North Carolina.*