DOROTHY M. FAULKENBURY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT v. TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, A CORPORATION; BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, A BODY POLITIC AND CORPORATE; DENNIS DUCKER, DIRECTOR OF THE RETIREMENT SYSTEMS DIVISION AND DEPUTY TREASURER OF THE STATE OF NORTH CAROLINA (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES); HARLAN BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA AND CHAIRMAN OF THE BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES); AND STATE OF NORTH CAROLINA, DEFENDANTS-APPELLANTS

No. 9210SC203

(Filed 4 May 1993)

**Appeal and Error § 191 (NCI4th) — appeal of denial of motion to dismiss — stay — consideration of subsequent motion for summary judgment**

For the reasons stated in *Woodard v. Local Governmental Employees' Retirement System*, 110 N.C. App. 83, the trial court lacked jurisdiction to go forward with the summary judgment hearing in light of the stay of the proceedings which resulted from defendants' appeal of the denial of their motion to dismiss.

**Am Jur 2d, Appeal and Error § 365.**

FAULKENBURY v. TEACHERS' & STATE EMPLOYEES' RETIREMENT SYS.·

[110 N.C. App. 97 (1993)]

Appeal by defendants and cross-appeal by plaintiff from order entered 16 January 1992 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 10 December 1992.

*Marvin Schiller; and Womble Carlyle Sandridge & Rice, by G. Eugene Boyce, Donald L. Smith, and Susan S. McFarlane, for plaintiff appellee, cross-appellant.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Edwin M. Speas, Jr., and Special Deputy Attorneys General Tiare B. Smiley and Norma S. Harrell for defendant appellants, cross-appellees.*

COZORT, Judge.

This case is a companion case to *Woodard v. North Carolina Local Governmental Employees' Retirement System et al.*, No. 9210SC202, filed simultaneously herewith. Plaintiff's complaint challenged an amendment effective 1 July 1982 to the teachers' and State employees' retirement disability statute. Defendants filed a motion to dismiss plaintiff's action; the motion was denied by the trial court on 28 June 1991. Defendants filed notice of appeal of the denial of their motion to dismiss on 3 July 1991. On 26 August 1991, plaintiff proceeded to file a motion for partial summary judgment on the issue of impairment of contract. Defendants responded by filing a motion to remove the case from the calendar for lack of jurisdiction or in the alternative for a continuance of the case. Defendants' motion was denied 22 November 1991.

The trial court went forward with the case, hearing arguments on plaintiff's motion for partial summary judgment and defendants' motion for full summary judgment. On 16 January 1992, the trial court entered an order granting plaintiff's motion for partial summary judgment as to the impairment of contract claim, denying defendants' motion for summary judgment and granting summary judgment to plaintiff as to all issues of liability. For the reasons stated in *Woodard v. Local Governmental Employees' Retirement System*, No. 9210SC202, filed today, we find the trial court lacked jurisdiction to go forward with the summary judgment hearing in light of the stay of the proceedings which resulted from defendants' appeal of the denial of their motion to dismiss. The order entered by the trial court on 16 January 1992 is therefore

Vacated.

Judges GREENE and WYNN concur.