428 S.E.2d 849 (1993)
110 N.C. App. 83
William H. WOODARD, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM, a corporation; Board of Trustees of The North Carolina Local Governmental Employees' Retirement System, a body politic and corporate; Dennis Ducker, Director of the Retirement Systems Division and Deputy Treasurer of the State of North Carolina (in his official capacity); Harlan E. Boyles, Treasurer of the State of North Carolina and Chairman of the Board of Trustees of the North Carolina Local Governmental Employees' Retirement System (in his individual and official capacities); State of North Carolina, Defendants-Appellants.
No. 9210SC202.
Court of Appeals of North Carolina.
May 4, 1993.
Marvin Schiller, and Womble Carlyle Sandridge & Rice by G. Eugene Boyce, Donald L. Smith, and Susan S. McFarlane, Raleigh, for plaintiff-appellee, cross-appellant.
Atty. Gen. Lacy H. Thornburg by Sr. Deputy Atty. Gen. Edwin M. Speas, Jr., Sp. Deputy Attys. Gen. Tiare B. Smiley and Norma S. Harrell, Raleigh, for defendants-appellants, cross-appellees.
COZORT, Judge.
Plaintiff filed a declaratory judgment action against defendants to determine benefits due him following an amendment to the retirement disability statute which covers local government employees in this State. Defendants filed a motion to dismiss the action; the motion was denied. Defendants appealed the denial of their motion to dismiss to this Court. While the appeal *850 was pending, the trial court entered an order granting plaintiff partial and full summary judgment, and denying defendants' motion for summary judgment. Because the trial court lacked jurisdiction to determine the summary judgment motions, we vacate the order of the trial court. Pertinent facts and procedural history follow.
Plaintiff brought this action on 11 January 1991 seeking a declaratory judgment and damages relating to an amendment, effective 1 July 1982, to the retirement disability statute which governs local government employees in North Carolina. On 28 June 1991, the trial court granted plaintiff's motion for class certification, and denied defendants' motion to dismiss plaintiff's complaint pursuant to N.C.Gen.Stat. § 1A-1, Rule 12(b). Defendants filed notice of appeal from the orders denying their motion to dismiss on 3 July 1991. On 26 August 1991, plaintiff filed a motion for partial summary judgment on the issue of impairment of contract. In response, on 3 September, the defendants moved to remove the motion from the calendar for lack of jurisdiction or in the alternative to continue the hearing on the motion until the case was resolved on appeal. In an order dated 22 November, the trial court denied defendants' motion for removal of the case from the calendar or for a continuance. The trial court proceeded to hear arguments on plaintiff's motion for partial summary judgment and on defendants' motion for summary judgment as to all liability claims. On 16 January 1992, the trial court granted plaintiff's motion for partial summary judgment on the impairment of contract claim, denied defendants' motion for summary judgment, and granted summary judgment to plaintiff as to all issues of liability. Defendants filed notice of appeal on 23 January 1992; plaintiff cross-appealed.
N.C.Gen.Stat. § 1-294 (1983) states:
When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.
The scope of the stay, which becomes operative following the appeal of a judgment, is well-established by case law. In general, an appeal takes the case out of the jurisdiction of the trial court. Carpenter v. Carpenter, 25 N.C.App. 307, 308, 212 S.E.2d 915, 916 (1975). An appeal removes a case from the trial court which is thereafter without jurisdiction to proceed on the matter until the case is returned by mandate of the appellate court. Upton v. Upton, 14 N.C.App. 107, 109, 187 S.E.2d 387, 388 (1972). See also, Jenkins v. Wheeler, 72 N.C.App. 363, 325 S.E.2d 4 (1985). "It is also well settled that an appeal, even of an interlocutory order, `operates as a stay of all proceedings in the [lower court] relating to issues included therein until the matters are determined in the [appellate court].'" Lowder v. Mills, Inc., 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981) (quoting Veazey v. City of Durham, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950)) (emphasis added).
On the other hand, the statute permits the court below to "proceed upon any other matter included in the action and not affected by the judgment appealed from," N.C.Gen.Stat. § 1-294 (emphasis added), including the jurisdiction to hear motions and orders, so long as they do not concern the subject matter of the suit. See Herring v. Pugh, 126 N.C. 852, 858, 36 S.E. 287, 289 (1900). Plaintiff argues the trial court was not divested of its jurisdiction to hear the summary judgment motions following the appeal of the motions to dismiss. We disagree.
Defendants advanced several grounds in their motions to dismiss plaintiff's cause of action. Defendants asserted that (1) defendants other than the State were not parties to and had not breached any contract with plaintiff which may exist; (2) defendants were not persons subject to suit within the meaning of 42 U.S.C. § 1983; (3) defendants were protected from suit under 42 U.S.C. § 1983 by reason of the doctrine of qualified immunity; (4) defendants were protected from suit for any state claims by reason of the doctrine of *851 official immunity; (5) plaintiff had not stated a claim for breach of fiduciary duty against certain defendants; and (6) plaintiff's suit was barred pursuant to the doctrine of sovereign immunity. Although normally the denial of a motion to dismiss is interlocutory and not immediately appealable, this Court has held that the doctrine of sovereign immunity presents a question of personal jurisdiction and an appeal of a motion to dismiss based on this ground is immediately appealable. See Zimmer v. North Carolina Dep't of Transp., 87 N.C.App. 132, 133-34, 360 S.E.2d 115, 116 (1987). Furthermore, our Supreme Court has held recently that the denial of a motion for summary judgment which was based upon an immunity defense to a section 1983 claim affects a substantial right and is also immediately appealable. Corum v. University of North Carolina, 330 N.C. 761, 413 S.E.2d 276, cert. denied; Durham v. Corum,___ U.S.___, 113 S.Ct. 493, 121 L.Ed.2d 431 (1992).
The issues raised and arguments furthered by the parties at the summary judgment hearing were virtually identical to those relating to the defendants' motion to dismiss. We cannot say that the matters reviewed by the lower court at the summary judgment hearing were unaffected by the appeal of the denial of defendants' motion to dismiss. Admittedly, the defendants' appeal of the motion to dismiss presented questions which were interlocutory. However, this Court, in the interest of judicial economy and pursuant to N.C.R.App.P. 21(a)(1), addressed these untimely issues when rendering its opinion in Woodard et al. v. North Carolina Local Governmental Employees' Retirement System et al., 108 N.C.App. 378, 424 S.E.2d 431 (1993), and in the companion case of Faulkenbury et al. v. Teachers' and State Employees' Retirement System of North Carolina et al., 108 N.C.App. 357, 424 S.E.2d 420 (1993). In Woodard and Faulkenbury, we reversed the lower court's denial of defendants' motion to dismiss plaintiff's action pursuant to 42 U.S.C. § 1983 and plaintiff's claim for breach of fiduciary duty. We affirmed the trial court's denial of defendants' motion to dismiss on the issue of constitutional impairment of obligation of contract.
The perfection of, or docketing of, an appeal relates back to the time of giving notice of the appeal and operates as a stay of proceedings within the meaning of the statute. Lowder, 301 N.C. at 580, 273 S.E.2d at 258. In this case, the notice of the appeal of the denial of defendants' motion to dismiss was given on 2 July 1991. The entry of the order granting partial summary judgment to plaintiffs, denying defendants' motion for summary judgment, and entering summary judgment for plaintiff occurred on 16 January 1992. Because the stay was in force at the time when the trial court heard the motions for summary judgment, the court lacked jurisdiction to enter the 16 January order. The order of the trial court must be
Vacated.
GREENE and WYNN, JJ., concur.