An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1280

Filed: 5 May 2015

Mecklenburg County, No. 11 CRS 218388

STATE OF NORTH CAROLINA

v.

ROBERT MCPHAIL

Appeal by defendant from judgment entered 4 September 2014 by Judge Beecher R. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 April 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Mary Carla Babb, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathryn L. VandenBerg, for defendant-appellant.*

TYSON, Judge.

I. Background

Robert McPhail ("Defendant") was convicted in April 2013 of first degree murder and conspiracy to commit robbery with a dangerous weapon. He received consecutive prison sentences of life without parole and 38 to 55 months.

On appeal, this Court found no error as to Defendant's convictions, but found the trial court's restitution award to be unsupported by evidence. *State v. McPhail,*

2014 N.C. App. Lexis 903, **20-21 (N.C. Ct. App. Aug. 19, 2014) ("*McPhail I*"). In an opinion filed 19 August 2014, we vacated the judgment entered upon Defendant's first degree murder conviction and remanded "for the entry of a new judgment containing a properly calculated restitution award." *Id.* at *21.

On remand, the trial court found that Defendant owed restitution to the murder victim's wife in the amount of $113,140.52. The trial court entered a new judgment for first degree murder on 4 September 2014, reflecting the restitution award. Defendant gave notice of appeal in open court.

## II. Issues

Defendant now argues that the trial court lacked jurisdiction to enter the judgment on 4 September 2014, because this Court's mandate in *McPhail I* did not issue until "twenty days after the written opinion of the court ha[d] been filed with the clerk[,]" – i.e., on 8 September 2014. N.C.R. App. P. 32(b).

## III. Analysis

The State concedes that the trial court was without jurisdiction to proceed in this cause on 4 September 2014. We agree.

"An appeal removes a case from the trial court which is thereafter without jurisdiction to proceed on the matter until the case is returned by mandate of the appellate court." *Woodard v. Local Governmental Employees' Retirement Sys.*, 110 N.C. App. 83, 85, 428 S.E.2d 849, 850 (1993). Under Rule 32(b), this Court's mandate

in *McPhail I* issued on 8 September 2014, which was 20 days after the opinion filing date of 19 August 2014. The trial court held the restitution hearing and entered its new judgment on 4 September 2014, before its jurisdiction was restored.

## IV. Conclusion

"When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). We vacate the judgment and remand for a new restitution hearing. In light of our holding, we decline to address Defendant's second argument challenging the evidentiary support for the restitution award, which is moot.

VACATED AND REMANDED.

Judges BRYANT and DIETZ concur.

Report per Rule 30(e).