BERGER, Judge.
 

 *417
 
 The State of North Carolina appeals from judgment entered December 30, 2016, resentencing Sethy Tony Seam ("Defendant") for first degree murder committed November 19, 1997, when Defendant was sixteen years old. Pursuant to
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012), Defendant was entitled to resentencing because his original, mandatory sentence of life without parole violated the Eighth Amendment of the U.S. Constitution. Our Supreme Court affirmed Defendant's right to be resentenced in
 
 State v. Seam
 
 ,
 
 369 N.C. 418
 
 ,
 
 794 S.E.2d 439
 
 (2016). However, before the mandate issued from that Court, Superior Court Judge Theodore Royster ordered the resentencing of Defendant to occur one day before Judge Royster was to retire. Because the Supreme Court mandate had not issued, the trial court was without jurisdiction to enter judgment for Defendant. Therefore, we vacate the judgment and remand for resentencing.
 

 *418
 

 Factual and Procedural Background
 

 The facts of this case as previously stated by this Court are as follows:
 

 The State's evidence at trial tended to show that on the evening of 19 November 1997, defendant and Freddie Van [ (Van) ] walked to King's Superette in Lexington, North Carolina. They both entered the store around closing time when the store's proprietor, Mr. Harold King, Sr. (Mr. King), was squatting down in the rear of the store, fixing the beer cooler. Defendant and Van were standing in the middle of the store when Van pulled a .22 caliber pistol from the front of his pants and said, "Freeze, give me all of your money." As Van approached Mr. King from behind, Mr. King stood up and asked, "How much do you all want?" At this time, Van pointed the pistol at Mr. King's back and ordered him to the cash register at the front of the store. As Van and Mr. King were approaching the cash register, defendant also moved closer to the cash register. Suddenly, Van knocked Mr. King's glasses off, whereupon Mr. King turned around and punched Van in the mouth. An argument ensued and Van shot Mr. King three times, fatally wounding him. Defendant and Van attempted to open the cash register but were unsuccessful. They then ran from the store.
 

 State v. Seam
 
 ,
 
 145 N.C.App. 715
 
 ,
 
 552 S.E.2d 708
 
 (2001) (unpublished).
 

 Defendant was convicted of first degree murder and attempted robbery in 1999, and sentenced to life in prison. Due to Defendant's age at the time of the murder and attempted robbery, Defendant filed a motion for appropriate relief in 2011 pursuant to
 
 Miller
 
 . In 2013, Defendant's motion was granted, and the trial court indicated that it would resentence Defendant at that time. The State objected, and resentencing was continued. Prior to resentencing, the State appealed the trial court's ruling.
 

 On December 21, 2016, the North Carolina Supreme Court affirmed the trial court's decision
 
 *304
 
 on the motion for appropriate relief, and remanded the case for resentencing. The mandate, however, would not issue from that Court until January 10, 2017. Judge Royster scheduled a special session of superior court, one day before he was set to retire, for the resentencing of Defendant. Defendant filed a motion to expedite
 
 *419
 
 the mandate on December 29, 2016, but it was summarily denied by the Supreme Court that same day.
 

 Regardless of the mandate not being issued, Judge Royster held a resentencing hearing on December 30, 2016. The State objected to the hearing being held before the mandate had issued citing jurisdictional concerns. At the conclusion of the hearing Judge Royster entered a written order that included the following decree:
 

 1. That the Resentence of defendant shall be not less than 183 months and not more than 229 months in the NORTH CAROLINA DIVISION OF ADULT PRISONS. Defendant's Record Level is I. Defendant's Disposition Range is Mitigated. Since Class A under Sentencing Grid for offenses committed on or after December 1, 1995, is unconstitutional, the Court used Class B1.
 

 (Emphasis omitted). It is from this order that the State timely appealed.
 

 Analysis
 

 "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority."
 
 State v. Felmet
 
 ,
 
 302 N.C. 173
 
 , 176,
 
 273 S.E.2d 708
 
 , 711 (1981) (citations omitted). With limited exception, jurisdiction of the trial court "is divested ... when notice of appeal has been given[.]" N.C. Gen. Stat. § 15A-1448(a)(3) (2015). "An appeal removes a case from the trial court which is thereafter without jurisdiction to proceed on the matter until the case is returned by mandate of the appellate court."
 
 Woodard v. Local Governmental Employees' Retirement Sys
 
 .,
 
 110 N.C.App. 83
 
 , 85,
 
 428 S.E.2d 849
 
 , 850 (1993) (citations omitted). Unless otherwise ordered, a mandate issues "twenty days after the written opinion of the court has been filed with the clerk." N.C.R. App. P. 32(b).
 

 Thus, the trial court was divested of jurisdiction until the mandate from the Supreme Court issued on January 10, 2017, and without authority to enter the December 30, 2016 judgment. We therefore vacate the judgment and remand for resentencing.
 

 VACATED AND REMANDED.
 

 Judges DILLON and ZACHARY concur.