DIETZ, Judge.
 

 *881
 
 Defendant Christopher Lee Singletary appeals his sentences following multiple convictions for sex offense charges. He contends that, after this Court filed an opinion vacating his original sentence and remanding for resentencing, the trial court improperly resentenced him before this Court issued the mandate.
 

 As explained below, we reject Singletary's argument that the mandate had not issued at the time of resentencing. We hold that the mandate from the appellate division issues on the day that the appellate court
 
 transmits
 
 the mandate to the lower court, not the day when lower court actually
 
 receives
 
 it.
 

 Applying that holding here, the trial court had jurisdiction to resentence Singletary on 23 May 2016. This Court filed its opinion vacating Singletary's sentence and remanding for resentencing on 3 May 2016.
 

 *882
 
 Twenty days later, on 23 May 2016, this Court issued the mandate by transmitting it to the clerk of superior court. Because the mandate issued on 23 May 2016, the trial court had jurisdiction to resentence Singletary that same day. Accordingly, we reject Singletary's jurisdictional argument and affirm the trial court's judgments.
 

 Facts and Procedural History
 

 In 2015, Defendant Christopher Lee Singletary was convicted of multiple sex offenses involving a minor. On appeal, this Court vacated Singletary's sentence and remanded the case for a new sentencing hearing.
 
 State v. Singletary
 
 , --- N.C. App. ----,
 
 786 S.E.2d 712
 
 (2016).
 

 This Court filed its opinion on 3 May 2016 and the mandate issued on 23 May 2016, twenty days later. The Guilford County Clerk of Superior Court received this Court's judgment and mandate, and filed it, on 25 May 2016.
 

 *777
 
 On 23 May 2016-the same day this Court issued the mandate and two days before the clerk of superior court received the written copy of the Court's judgment and mandate-the trial court resentenced Singletary. Singletary timely appealed.
 

 Analysis
 

 Singletary contends that the trial court lacked jurisdiction to resentence him because the court had not yet received the certified copies of the judgment and mandate transmitted by this Court. As explained below, we reject this argument.
 

 In general, an appeal from a trial court judgment "removes a case from the trial court which is thereafter without jurisdiction to proceed on the matter until the case is returned
 
 by mandate
 
 of the appellate court."
 
 Woodard v. N.C. Local Governmental Emp. Ret. Sys.
 
 ,
 
 110 N.C. App. 83
 
 , 85,
 
 428 S.E.2d 849
 
 , 850 (1993) (emphasis added). As a result, when this Court issues an opinion instructing a lower court to take further action, the lower court should not take that action until this Court issues its mandate. By issuing the mandate and accompanying judgment, this Court returns jurisdiction to the trial court, which may then proceed with the case in a manner consistent with this Court's ruling.
 
 See
 
 N.C. Gen. Stat. § 15A-1452.
 

 Rule 32 of the Rules of Appellate Procedure describes when and how this Court issues its mandate. The rule provides that a mandate "is issued by its transmittal from the clerk of the issuing court to the clerk or comparable officer of the tribunal from which appeal was taken to
 
 *883
 
 the issuing court." N.C. R. App. P. 32(a). The rule further states that this Court "shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk." N.C. R. App. P. 32(b).
 

 Singletary argues that, under Rule 32(a), the trial court could not resentence him until 25 May 2016, the date on which the clerk of superior court
 
 received
 
 the mandate, not 23 May 2016, the day this Court
 
 transmitted
 
 the mandate. We disagree. Rule 32(a) states that the mandate "is issued by its transmittal" from this Court to the lower court. Rule 32(b) then states that this Court "shall enter judgment and issue the mandate ... twenty days after the written opinion of the court has been filed." Read together, these rules indicate the mandate "issues" on the day this Court transmits it to the lower court, not on the day the lower court receives it.
 

 Here, the Court issued its mandate on 23 May 2016. The trial court resentenced Singletary that same day. Accordingly, we reject Singletary's argument that the trial court lacked jurisdiction to resentence him because the mandate had not yet issued.
 
 [1]
 

 Conclusion
 

 For the reasons discussed above, we affirm the trial court's judgments.
 

 AFFIRMED.
 

 Judges BRYANT and DILLON concur.
 

 [1]
 

 Singletary also argues that, as the result of a clerical error, the judgments for some of his offenses do not reflect the appropriate jail credit. In response, the State filed a supplement to the record indicating that Singletary already has served his sentence for those offenses and that he did, in fact, receive the appropriate jail credit, despite the clerical error in the judgment. Accordingly, this issue is moot.
 
 State v. Black
 
 ,
 
 197 N.C. App. 373
 
 , 375,
 
 677 S.E.2d 199
 
 , 201 (2009).