CITY OF BURLINGTON, Plaintiff v. ISLEY PLACE CONDOMINIUM ASSO-
CIATION (FORMERLY INGLEWOOD APARTMENTS, INC.); LELAND T. WILLIAMS,
FAY H. WILLIAMS, FAYE DUNCAN COBB TAYLOR, ANITA B. YOUNG,
C. E. KERNODLE, JR., MARY JO F. HOLT, FOY E. LANE, BERTA K.
HORNE, AND JO ANN M. HARRIS, Defendants

CITY OF BURLINGTON, Plaintiff v. STEPHEN I. MOORE, JR. AND WIFE,
NANCY MOORE, Defendants

No. 9115SC402
No. 9115SC403

(Filed 17 March 1992)

**Eminent Domain § 87 (NCI4th) — condemnation by city — street extension — public use or benefit**

A city council acted within its authority under N.C.G.S.
§ 40A-3 in authorizing the condemnation of property in order
to extend an existing street, and one defendant's affidavit
that the street was being extended to serve only two lots
which already had other access and that the city did not intend
to construct any improvements upon the area acquired by
condemnation was insufficient to overcome the city council's
determination that the street extension was for the public
use and benefit.

**Am Jur 2d, Eminent Domain §§ 103, 419.**

APPEAL by plaintiff from order and judgment entered 19 March
1991 by *Judge J. B. Allen, Jr.* in ALAMANCE County Superior
Court. Heard in the Court of Appeals 19 February 1992.

The City of Burlington sought to acquire certain property in
order to extend and improve the existing Isley Place cul-de-sac.
After being unable to procure the subject property by negotiated
conveyance, the City Council enacted resolutions on 7 August 1990
and 4 September 1990 authorizing condemnation of the property.
The City thereby initiated two actions seeking condemnation of
approximately 337 square feet and of approximately 369 square
feet, both located at the end of Isley Place. The parties' motion
to consolidate these cases was granted.

Defendants answered the complaint denying the City's authori-
ty to condemn the property on the ground the condemnation was
not for a public use or purpose. Thereafter plaintiff filed motions

for partial summary judgment and defendants filed motions for summary judgment. By order and judgment dated 19 March 1991 plaintiff's motions were denied and defendants' motions were granted.

*Robert M. Ward for plaintiff appellant.*

*Charles L. Bateman, P.A., by Charles L. Bateman and Linda J. Hartwell, for defendant appellees.*

WALKER, Judge.

G.S. 40A-3 provides in pertinent part:

(b) Local Public Condemnors.—For the public use or benefit, the governing body of each municipality or county shall possess the power of eminent domain and may acquire by purchase, gift or condemnation any property, either inside or outside its boundaries, for the following purposes.

(1) Opening, widening, extending, or improving roads, streets, alleys, and sidewalks. The authority contained in this subsection is in addition to the authority to acquire rights-of-way for streets, sidewalks and highways under Article 9 of Chapter 136.

The City Council thereby acted pursuant to its authority when adopting resolutions authorizing condemnation to acquire certain property in order to extend an existing street.

In *City of Charlotte v. McNeely*, 281 N.C. 684, 690, 190 S.E.2d 179, 184 (1972), our Supreme Court stated:

The taking of property to construct or enlarge a public street is, as a matter of law, a taking for a public purpose. The public purpose being established, "the question as to the necessity or expediency of devoting the property to the public use is one which must be left to the legislative department." . . . Thus, the advisability of widening a public street is a matter within the discretion of a city's governing body. (Citation omitted).

The City Council's decision that it was necessary and in the public interest to condemn this particular property for the public purpose of extending an existing street was therefore within its discretion.

Insofar as the City Council acted within its scope of authority on a subject matter afforded legislative discretion the burden shifted

CITY OF BURLINGTON v. ISLEY PLACE CONDOMINIUM ASSN.

[105 N.C. App. 713 (1992)]

to the property owners to refute the City's showing of a public purpose. The only showing in either action in support of the summary judgment motions was the affidavit of Stephen I. Moore, Jr., which was to the effect that Isley Place was being extended to serve only two lots which already had other access and that the City did not intend to construct any improvements upon the area acquired by exercise of eminent domain. This evidence was insufficient to overcome the City's determination that the extension of Isley Place was for the public use and benefit. Since neither party challenged the vehicle of summary judgment as an inappropriate means through which to establish public purpose, summary judgment pursuant to Rule 56, N.C. Rules of Civil Procedure, should have been entered for plaintiff and defendants' motions for summary judgment should have been denied.

Reversed.

Chief Judge HEDRICK and Judge ORR concur.