ALPHONS M. ENGELHAUPT AND LAURINA E. ENGELHAUPT,
APPELLEES, V. VILLAGE OF BUTTE, NEBRASKA, APPELLANT.

539 N.W.2d 430

Filed November 17, 1995.   No. S-95-425.

Gary J. Nedved, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellant.

Shelley A. Horak, of Baron, Sar, Goodwin, Gill, Lohr & Horak, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

Finding, among other things, that the defendant–appellant condemner, Village of Butte, sought to take more land than it presently required for the expansion of its water system, the district court, on the petition of the plaintiffs–appellees condemnees, Alphons M. Engelhaupt and Laurina E. Engelhaupt, entered a decree enjoining the village from acquiring the portion of the Engelhaupts' land it sought. Asserting a number of errors, including that the district court wrongly found the attempted taking to be excessive, the village undertook an appeal to the Nebraska Court of Appeals. To equalize the caseloads of the two courts, we, on our own

motion, removed the matter to this court. We now affirm the decree of the district court.

In general, Neb. Rev. Stat. § 17-531 (Reissue 1991) grants villages the power to provide water for the "purpose of fire protection and public use and for the use of the inhabitants . . . ." Neb. Rev. Stat. § 17-535 (Reissue 1991) further empowers villages to, among other things, "condemn any and all necessary property" for said purpose.

Alleging that it needed to expand its present water system, the village filed a petition seeking to condemn 11.92 acres of the Engelhaupts' land. Although the Engelhaupts did not plead that the proposed taking was excessive, the district court's pretrial order listed the scope of the taking as one of the trial issues. Since the issues set out in a pretrial order supplant those raised in the pleadings, *Malerbi v. Central Reserve Life*, 225 Neb. 543, 407 N.W.2d 157 (1987), the scope of the taking, contrary to the position of the village, was an issue in the trial court and is thus a proper issue before us.

In that regard, the engineer testifying on behalf of the village said that the existing water treatment plant, located on an easement on the Engelhaupts' land, is beyond its original service life; that the condition of the plant contributes to the poor quality of the water; that the village is operating with a single well and needs to build redundancy into the system to provide for maintenance and emergencies; and that the land sought was needed so as to provide for the proper spacing of the wells, a new treatment plant, a small lagoon, and "expansion for additional wells, come the time that they are needed." The evidence does not disclose how much of the 11.92 acres is required for the village's present need.

We begin by recalling that the power of eminent domain may be exercised only on the occasion, and in the mode or manner, prescribed by the Legislature and that statutes conferring and circumscribing such power must be strictly construed. *Krauter v. Lower Big Blue Nat. Resources Dist.*, 199 Neb. 431, 259 N.W.2d 472 (1977). Thus, under a statutory scheme permitting the condemner to take only property for which it had a present plan and present public purpose use, we held in *Krauter, supra*, that the lower court had properly dismissed the condemner's

action to take fee title to 320 acres of land where the evidence showed that only an easement on 140.68 acres was needed for the public use then planned. In so ruling, we specifically rejected the condemner's argument that it could take property that "might be needed and used for a public purpose in the future." *Id.* at 437, 259 N.W.2d at 475.

We also held therein that the amount of property needed and the estate or interest in such property are questions of fact for the court. Whatever constitutional provisions might otherwise protect the condemnees, here, § 17–535 specifically limits the village to taking only such property as is "necessary" for providing the purposes described in § 17–531. In an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided that where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Gas 'N Shop v. City of Kearney, ante* p. 747, 539 N.W.2d 423 (1995). So reviewed, the evidence convinces us that the village seeks to condemn more land than it presently requires.

We therefore affirm the district court's decree without reaching the other errors assigned by the village.

AFFIRMED.