PIEDMONT TRIAD REGIONAL WATER AUTHORITY, Plaintiff v. SUMNER HILLS INCORPORATED, and DENMARK GOLF SERVICES, INC., Defendants

No. COA98-1610

(Filed 18 January 2000)

**Eminent Domain— size of taking—three determinations required**

In a case arising from plaintiff's exercise of its power of eminent domain under N.C.G.S. § 162-6 for construction of a water supply lake, the trial court's attempt to limit plaintiff's decision to condemn an entire 145-acre tract of land owned by defendant is reversed and remanded because: (1) the trial court improperly treated the "of little value" language in N.C.G.S. § 40A-7 as a threshold determination which must be met before consideration

of the requirements of the three subsections in that statute; and (2) plaintiffs need to provide additional evidence to show all three determinations in N.C.G.S. § 40A-7 were met in order for the trial court to conduct its abuse of discretion determination.

Appeal by plaintiff from order entered 26 October 1998 by Judge C. Preston Cornelius in Guilford County Superior Court. Heard in the Court of Appeals 22 September 1999.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by M. Jay Devaney, for plaintiff-appellant.*

*Hill, Evans, Duncan, Jordan & Davis, by R. Thompson Wright, for defendant-appellee, Sumner Hills Incorporated.*

LEWIS, Judge.

This case arises from the exercise of the power of eminent domain by plaintiff, Piedmont Triad Regional Water Authority ("Authority"). Plaintiff appeals from an order limiting its decision to condemn an entire 145-acre tract of land owned by defendant Sumner Hills Incorporated ("Sumner Hills"). It has been stipulated that defendant Denmark Golf Services, the lessee of the property, has no interest in the issues raised on appeal.

Plaintiff is a public authority organized under N.C. Gen. Stat. § 162A-3.1, which has been granted the power of eminent domain pursuant to N.C. Gen. Stat. § 162A-6. The Authority is constructing a water supply lake, known as the Randleman Dam and Lake Water Supply Project ("Project"), in Guilford and Randolph Counties. Sumner Hills is the owner of a 145-acre tract located at Hickory Creek Road, Sumner Township, Guilford County ("Property"), and has used the Property for over twenty years as an eighteen-hole golf course. A portion of the Property is bordered by Reddick Creek, which feeds into the Randleman Dam Lake. The Authority sought to condemn the entire Property for construction of the water supply lake associated with the Project.

Since it could not obtain the property by negotiated conveyance, by resolution dated 7 October 1997, the Authority instituted a proceeding under Chapter 40A of the North Carolina General Statutes to condemn the entire Property. The Authority made the following determinations in its Resolution which purported to justify a taking of the entire 145 acres:

(a) a partial taking of the above-described land would substantially destroy the economic value or utility of the remainder; or that

(b) an economy in the expenditure of public funds will be promoted by taking the entire parcel; or that

(c) the interest of the public will be best served by acquiring the entire parcel.

On 24 February 1998, the Authority filed a Complaint, Declaration of Taking and Notice of Deposit under N.C. Gen. Stat. § 40A-41 in Guilford County Superior Court against defendants and a Memorandum of Action pursuant to section 40A-43. The Memorandum of Action included that the public purpose of the taking was "to protect the public health, to provide the public with an adequate and sound public water supply and to meet the public water supply needs of the jurisdictions served by the plaintiff, specifically the construction of the [Project]." In its answer, Sumner Hills alleged that only a portion of the Property was actually required for public use, and that the Authority should be required to condemn only that portion of the Property required for the stated public purpose. Because an issue other than just compensation existed, specifically the amount of land that could be condemned, the Authority then sought a judicial determination as to the amount of land it could acquire pursuant to N.C. Gen. Stat. § 40A-47.

After a hearing the trial court entered an order on 26 October 1998 determining that the Authority lacked the power to condemn the entire tract of Property under section 40A-7, and instead was authorized to condemn only 48 acres of the 145-acre tract. The Authority appeals from this order.

Chapter 40A of the North Carolina General Statutes provides the exclusive condemnation procedures to be used by all local public condemnors. N.C. Gen. Stat. § 40A-1 (1984). As an authority created under the provisions of Article 1 of Chapter 162A, the Authority here constitutes a public condemnor within the meaning of Chapter 40A. N.C. Gen. Stat. § 40A-3(c)(8) (1984). Authorities given the power of eminent domain may take property only for a public purpose. *City of Charlotte v. Cook*, 348 N.C. 222, 225, 498 S.E.2d 605, 607-08 (1998). Once the public purpose is established, the question of the extent of such a taking is left to the discretion of the Authority. *City of Burlington v. Isley Place Condominium Assn.*, 105 N.C. App. 713,

714, 414 S.E.2d 385, 386 (1992). Section 40A-7 sets forth the guidelines the Authority must follow in order to determine the extent of the Property it may condemn within its discretion. So long as the Authority has followed these statutory guidelines, the Authority's decision to condemn a parcel of land is subject to an abuse of discretion standard. *City of Charlotte*, 348 N.C. at 225, 498 S.E.2d at 608. On appeal, the parties raise an issue of first impression regarding the proper construction of section 40A-7 and an issue as to whether sufficient evidence was before the trial court to make a determination under section 40A-7.

The relevant portions of section 40A-7 are as follows:

(a) When the proposed project requires condemnation of only a portion of a parcel of land leaving a remainder of such shape, size or condition that it is of little value, a condemnor may acquire the entire parcel by purchase or condemnation. If the remainder is to be condemned the petition filed under the provisions of G.S. 40A-20 or the complaint filed under the provisions of G.S. 40A-41 shall include:

    (1) A determination by the condemnor that a partial taking of the land would substantially destroy the economic value or utility of the remainder; or

    (2) A determination by the condemnor that an economy in the expenditure of public funds will be promoted by taking the entire parcel; or

    (3) A determination by the condemnor that the interest of the public will be best served by acquiring the entire parcel.

When interpreting the meaning of a statute, we must look to the language of the statute itself. *Sara Lee Corporation v. Carter*, 351 N.C. 27, 35, 519 S.E.2d 308, 313 (1999). When a public condemnor wishes to condemn an entire parcel of land, even though the project clearly does not necessitate acquisition of the entire parcel, it must meet the requirements of section 40A-7. This section sets forth three determinations in subsections (1), (2) and (3), one of which must be met to authorize the Authority's condemnation of the entire parcel.

In construing this section, the trial court treated the "of little value" language in section 40A-7(a) as a threshold determination

which must be met before consideration of the requirements in sub-sections (1), (2) and (3). The court therefore made a determination as to whether the purportedly remaining parcel was of "such shape, size or condition that it is of little value [such that] a condemnor may acquire the entire parcel by purchase or condemnation" before it reached consideration of subsections (1), (2) and (3). In its com-plaint, however, the Authority did not treat the "of little value" lan-guage in section 40A-7(a) as a threshold determination. It made its first inquiry the consideration of the three provisions listed under that section. We agree with the Authority's construction of section 40A-7, in that the "of little value" language in section 40A-7(a) does not establish a threshold determination, making consideration of sub-sections (1), (2) and (3) the first inquiry under that section.

Section 40A-7 sets forth the allegations which must be included in the Authority's complaint in order to condemn an entire tract of land when the project requires condemnation of only a parcel. N.C. Gen. Stat. 40A-7(a). In conformance with the common law standard, sub-sections (1), (2) and (3) establish the guidelines surrounding the Authority's discretion to determine the amount of land to be con-demned. Given that the purpose of section 40A-7 is to set forth the allegations necessary for the Authority's complaint, it would be illog-ical to require a threshold determination that the remainder is "of lit-tle value" in order to condemn the property. Such a construction would present a question of law that would have to be resolved before the Authority would be permitted to file a complaint under section 40A-7. Reading this question of law into the statute would essentially override the common law discretionary right of the Authority in a condemnation action. There is no indication in the statute of the legislature's intent to override this common law discre-tionary right.

Furthermore, we feel that the phrase "of little value" is so subjec-tive that our legislature could not have possibly intended it to be a threshold determination. One can only imagine the endless meanings "of little value" may take on when applied to various tracts of land. Because the statute neither defines "of little value," nor provides any guidance were we to construe it as a threshold determination, we conclude that the "of little value" language is a mere introduction to the more specific determinations in subsections (1), (2) and (3). Because the trial court did not consider the determinations in sub-sections (1), (2) and (3), we remand for further consideration on this issue.

We emphasize that the Authority's discretion in this decision is subject to review by the trial court under an abuse of discretion standard. *City of Charlotte*, 348 N.C. at 225, 498 S.E.2d at 608. We note, then, that the trial court must have before it competent evidence to ascertain whether the Authority exercised its discretion appropriately. Our review of the record before us reveals only conclusory assertions of the Authority in which it merely stated in its Resolution that all three of the determinations in section 40A-7 were met. On remand, additional evidence is necessary to conduct a sufficient review of these determinations under the abuse of discretion standard.

We reverse the trial court's order and remand to the Guilford County Superior Court for proceedings consistent with this opinion.

Reversed and Remanded.

Judges JOHN and McGEE concur.