STATE OF NORTH CAROLINA v. ALBERT JEFFREY MANNING

No. COA11-1448

(Filed 5 June 2012)

**1. Satellite-Based Monitoring—notice of hearing date and statutory category—due process rights protected—adequate opportunity to prepare defenses**

The trial court did not err by denying defendant's motion to quash a petition for satellite-based monitoring (SBM) and placing him on SBM for life. A letter sent to defendant by the State adequately protected defendant's due process rights by informing him of both the hearing date and the specific category of N.C.G.S. § 14-208.40(a) under which he fell. Further, the State's failure to include in the letter both offenses that qualified him as a recidivist did not deprive him of the opportunity to develop all defenses as he was afforded nearly two months between the date of the letter and the date of the hearing to prepare his defenses.

**2. Satellite-Based Monitoring—constitutional right to travel—no evidence of violation**

Defendant's argument that the imposition of satellite-based monitoring infringed upon his constitutional right to travel was overruled. The Court of Appeals was unable to find any evidence in the record to show that defendant's right to travel was actually violated.

Appeal by defendant from order entered 2 August 2011 by Judge W. Russell Duke Jr. in Pitt County Superior Court. Heard in the Court of Appeals 5 April 2012.

*Attorney General Roy Cooper by Assistant Attorney General Lisa Harper, for the State.*

*W. Michael Spivey, attorney for defendant.*

ELMORE, Judge.

Albert Jeffrey Manning (defendant) appeals from an order denying his motion to quash the State's request for Satellite Based Monitoring (SBM) and placing him on SBM for the term of his natural life. After careful consideration, we affirm.

On 14 June 2010, the Department of Correction (DOC) sent defendant notice that it had made an initial determination that he met the criteria of a recidivist as set out in N.C. Gen. Stat. § 14-208.40(a), which would require him to enroll in SBM. DOC indicated that it had based its determination on defendant's 9 May 2007 conviction for sexual battery. The letter also notified defendant that a final determination hearing would be held in Pitt County Superior Court on 5 August 2010.

At the hearing, the State entered evidence of defendant's criminal record. The State's evidence showed that defendant's first reportable offense was his 9 May 2007 conviction for sexual battery, and his second reportable offense was his 7 October 2008 conviction for taking indecent liberties with a minor. The State then argued that because defendant had two convictions for reportable offenses, he was a recidivist and subject to lifetime enrollment in SBM.

Following the hearing, defendant filed a motion to quash the petition for SBM. On 2 August 2011, the trial court entered an order denying defendant's motion and placing him on SBM for life. Defendant now appeals.

Defendant presents two constitutional arguments on appeal. "The standard of review for alleged violations of constitutional rights is *de novo*." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009), *appeal dismissed and disc. review denied*, 363 N.C. 857, 694 S.E.2d 766-67 (2010); *see also Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001) ("[D]e novo review is ordinarily appropriate in cases where constitutional rights are implicated." (citations omitted)).

[1] Defendant first argues that the DOC's letter deprived him of due process because it listed only one of the reportable offenses that qualified him as a recidivist and that the State's failure to include both offenses deprived him of the opportunity to develop all defenses that he could have asserted at the hearing. We disagree.

This Court has previously addressed what notice is required under the statute in order to satisfy procedural due process. We held that "[t]he fundamental premise of procedural due process protection is notice and the opportunity to be heard." *State v. Stines*, 200 N.C. App. 193, 198, 683 S.E.2d 411, 414 (2009) (quotations and citations omitted).

[T]he statute requires that the Department, after making an initial determination that the offender falls into one of the § 14-208.40(a) categories, then notify the individual of that determination and

the date of the scheduled hearing. Thus, the statute requires notice of two facts: (1) the hearing date and (2) the Department's determination with respect to N.C. Gen. Stat. § 14-208.40(a).

*Stines*, 200 N.C. App. at 199, 683 S.E.2d at 415.

Here, the letter sent to defendant by the DOC satisfied both requirements. First, the letter stated that "you meet the criteria of **recidivist** as set out in General Statute 14-208.40(a)[.]" Second, the letter informed defendant that "[a] Determination Hearing has been scheduled in Pitt County Superior Court on August 5, 2010 at 9:00 am, at which time the Court will review your case to make a determination concerning your eligibility for Satellite Based Monitoring." Since the letter informed defendant of both the hearing date and the specific category of § 14-208.40(a) under which he fell, we conclude that the letter adequately protected his due process rights.

Furthermore, we find defendant's second assertion, that the State's failure to include both offenses deprived him of the opportunity to develop all defenses, to be without merit. Defendant was afforded nearly two months between the date of the letter and the date of the hearing to prepare his defenses.

[2] Defendant next argues that SBM infringes upon his constitutional right to travel. We overrule this argument.

We have previously decided this precise issue in *State v. Pait*, a recent unpublished opinion of this Court. There, the defendant was ordered to enroll in SBM for the duration of his natural life. On appeal, the defendant argued that SBM violated his right to interstate travel under the Fourteenth Amendment to the United States Constitution. We held that

> [t]he government may only interfere with the exercise of the right to travel if it can show that such interference is necessary to promote a compelling government interest. *Saenz v. Roe*, 526 U.S. 489, 499, 143 L. Ed. 2d 689, 701-02, 119 S. Ct. 1518, 1524 (1999). However, a plaintiff must present evidence that his right to travel has been violated. *See Spencer v. Casavilla*, 839 F.Supp. 1014, 1017 (S.D.N.Y. 1993), aff'd in part and dismissed in part, 44 F.3d 74 (2d Cir. 1994); *see also Bare*, 197 N.C. App. at 475, 677 S.E.2d at 529 ("[D]efendant argues that the [monitoring] device has 'hindered his ability to obtain employment.' However, defendant did

not present any testimony or evidence at his determination hearing as to his inability to obtain employment.").

. . .

Since we are unable to find any evidence in the record showing that defendant's right to travel was violated, defendant's assignment of error is overruled.

*State v. Pait*, No. COA09-870, 2010 N.C. App. LEXIS 1283, at \*6-7 (July 20, 2010).

Although our holding in *Pait* is not binding precedent on this Court, we nonetheless adopt our reasoning in that case and apply it to the case *sub judice*. Accordingly, we overrule defendant's argument, as we are unable to find any evidence in the record to show that defendant's right to travel was actually violated.

Affirmed.

Judges GEER and THIGPEN concur.