IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-89

No. 187PA20

Filed 13 August 2021

STATE OF NORTH CAROLINA

v.

SHANNA CHEYENNE SHULER

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 270 N.C. App. 799 (2020), finding no error after appeal from a judgment entered on 31 October 2018 by Judge William H. Coward in Superior Court, Haywood County. Heard in the Supreme Court on 18 May 2021.

*Joshua Stein, Attorney General, by Brent D. Kiziah, Assistant Attorney General for the State-appellee.*

*W. Michael Spivey for defendant-appellant.*

HUDSON, Justice.

¶ 1  Here we must decide whether a criminal defendant forfeits her Fifth Amendment right to silence when she gives pretrial notice of her intent to offer the affirmative defense of duress under N.C.G.S. § 15A-905(c)(1). We conclude that the defendant does not forfeit that right, and that regardless, the State may not preemptively impeach a defendant during its case-in-chief. Accordingly, we reverse and remand to the Court of Appeals.

## I. Factual and Procedural Background

On 2 March 2017, Chief of Police Russell Gilliland and Detective Brennan Regner of the Maggie Valley Police Department responded to a reported disturbance at a motel involving people in a Ford Fusion. The officers located the car, approached a man standing next to the car, and learned that the man was Joshua Warren. After determining that there was an outstanding warrant for his arrest, they arrested him and searched him and he was transferred to the detention facility by another officer.

Chief Gilliland and Detective Regner then approached defendant, Shanna Cheyenne Shuler, who was the driver of the car and asked her for identification. They determined that she also had an outstanding warrant for her arrest. The officers asked defendant if she had "anything on her." She was hesitant, but upon being asked again, defendant pulled out a bag "containing a leafy substance." The officers asked again if she had any other substances and warned her that if she arrived at the detention facility in possession of illegal substances she could be charged with additional crimes. She then pulled a "clear baggie of crystal-like substance out of her bra."

Defendant was charged with felony trafficking in methamphetamine and with misdemeanor simple possession of marijuana. Prior to trial, defendant filed a notice of her intent to rely upon the affirmative defense of duress pursuant to N.C.G.S. § 15A-905(c)(1). In its entirety, the notice stated the following:

> Now comes the Defendant, by and through her attorney, Joel Schechet and, in accordance with N.C.G.S. § 15A-905(c), gives notice of the following defense:
>
> 1. Duress

At trial, Detective Regner testified for the State during its case-in-chief. The State asked Detective Regner if defendant made "any statements" about Joshua Warren when she handed over the substances in her possession. Defense counsel objected, and the trial court overruled the objection. Detective Regner then testified: "No, ma'am. She made no—no comment during that one time."

Defense counsel asked for the trial court to excuse the jury and then moved for a mistrial arguing that the State's question had "solicited an answer highlighting [defendant's] silence at the scene." The trial court conducted a voir dire to determine the admissibility of Detective Regner's testimony. Ultimately, the trial court allowed the State to ask the question again when the jury returned.

After the State's case-in chief, defense counsel gave its opening statement. Defendant then took the witness stand to testify in her own defense. At the close of all the evidence, the trial court instructed the jury on the defense of duress. Ultimately, the jury found defendant guilty of both charges. Defendant appealed to the Court of Appeals.

The Court of Appeals unanimously found no error in the jury's verdicts or in the judgment concluding that because defendant gave notice of her intent to assert

the affirmative defense of duress before she testified, the trial court did not err in admitting Detective Regner's testimony of defendant's silence during the State's case-in-chief. *State v. Shuler*, 270 N.C. App. 799, 805 (2020). Defendant petitioned our Court for discretionary review. We allowed her petition on 15 December 2020 to review the single issue presented by defendant in her petition and stated here:

> Did the Court of Appeals err by holding that a defendant who exercises their Fifth Amendment right to silence forfeits that right if they comply with N.C.G.S. § 15A-905(c)(1) and give notice of intent to offer an affirmative defense?

## II.     Standard of Review

"It is well settled that de novo review is ordinarily appropriate in cases where constitutional rights are implicated." *State v. Diaz*, 372 N.C. 493, 498 (2019) (quoting *Piedmont Triad Reg'l Water Auth. v. Sumner Hills Inc.*, 353 N.C. 343, 348 (2001)). Here, defendant's Fifth Amendment right to silence is implicated. Accordingly, we review the decision of the Court of Appeals de novo.

## III.     Analysis

Defendant argues that the Court of Appeals erred when it held that her compliance with N.C.G.S. § 15A-905(c)(1), which required her to give pre-trial notice of her intent to raise the affirmative defense of duress, resulted in her forfeiting her ability to assert her Fifth Amendment right to silence such that the State could offer evidence of her silence during its case-in-chief. The State argues that the testimony

on defendant's silence elicited during its case-in-chief was admissible for the purposes of impeaching defendant's credibility as a witness.

¶ 11 This Court has said, "[t]he primary purpose of impeachment is to reduce or discount the credibility of a witness for the purpose of inducing the jury to give less weight to [her] testimony." *State v. Ward*, 338 N.C. 64, 97 (1994) (quoting *State v. Looney*, 294 N.C. 1, 15 (1978)). At the time of Detective Regner's testimony, defendant's silence could not have achieved the purpose of impeaching defendant's credibility as a witness since defendant had not yet testified. The State cannot preemptively impeach a criminal defendant by anticipating that the defendant will testify because of defendant's constitutional right to decide not to be a witness.

¶ 12 During oral arguments before this Court, the State conceded that it found no authority for the proposition that a defendant may be impeached prior to testifying. Instead, the State argued that we should create an exception to the rule against preemptive impeachment. According to the State, because defendant here "clearly showed" that she intended to testify by giving pre-trial notice of a duress defense, Detective Regner's testimony was admissible for impeachment purposes prior to defendant's testimony. We disagree.

¶ 13 Giving pre-trial notice of a duress defense does not compel a defendant to testify on her own behalf, nor does it "clearly show[ ]" she intended to do so. A criminal defendant retains the right to choose whether or not to testify at all times up until

she actually takes the stand. U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."); *see also* N.C. Const. art. I, § 23; N.C.G.S. § 8-54 (2019); *State v. Kemmerlin*, 356 N.C. 446, 481 (2002) ("A criminal defendant may not be compelled to testify . . . ." (quoting *State v. Bayman*, 336 N.C. 748, 758 (1994))). Permitting the State to introduce evidence to impeach defendant's credibility before she takes the stand would invariably put before the jury evidence that is probably prejudicial to defendant. That prejudicial evidence would never become admissible if defendant ultimately decided to invoke her Fifth Amendment right not to testify. The safest means of preventing the eventuality that the jury would hear prejudicial, inadmissible evidence is for this Court to hold that evidence offered to impeach a criminal defendant's credibility as a witness is not admissible until she actually testifies. The State's argument that we can presume from defendant's pretrial notice of her duress defense that defendant "clearly showed" an intent to testify such that impeachment evidence was admissible during the State's case-in-chief does not appropriately recognize or protect the defendant's Fifth Amendment right to choose whether or not to testify. Accordingly, we decline to adopt the State's proposed approach.

¶ 14    The State also argues extensively in its brief that because defendant's silence occurred before she was given the *Miranda* warning, evidence of her silence is admissible to impeach her credibility as a witness. However, of the cases cited by the

State in which evidence of a defendant's silence was admissible for impeachment purposes, the evidence was always used to impeach the credibility of a witness who had taken the stand to testify or to rebut testimony elicited by defense counsel on cross-examination. Because the evidence at issue here was offered to impeach a defendant who had not taken the stand and was not used for the purposes of rebuttal those cases do not apply.[1]

¶ 15        We hold that when defendant gave pre-trial notice of her intent to invoke an affirmative defense under statute, she does not give up her Fifth Amendment right to remain silent or her Fifth Amendment right to not testify, and the State was not permitted to offer evidence to impeach her credibility when she had not testified. Here, at the time the State elicited the impeachment testimony, defendant had not testified and retained her Fifth Amendment right not to do so. Thus, it was error to admit Detective Regner's testimony into evidence.

¶ 16        Defendant properly preserved this error by objecting to it and receiving a ruling from the trial court thereon. Therefore, on appeal, the reviewing court must determine whether such error was harmless beyond a reasonable doubt. N.C.G.S. §

---

[1] In one case, *State v. Booker*, 262 N.C. App. 290, 300–03 (2018), defense counsel cross-examined the State's witness about whether he was in contact with the defendant, which "opened the door" and allowed the State to ask the witness on redirect about the defendant's silence and lack of contact with the witness. It is unclear whether the defendant testified in that case and if the State was using the defendant's silence to impeach the witness or defendant herself.

15A-1443(b) (2019); *State v. Lawrence*, 365 N.C. 506, 512–13 (2012). The Court of Appeals did not address whether the error was harmless, and the parties did not thoroughly brief this issue to our Court. Therefore, we remand to the Court of Appeals to determine whether the erroneously admitted testimony was harmless beyond a reasonable doubt.

## IV.    Conclusion

In conclusion, we reverse the decision of the Court of Appeals and hold that a defendant does not forfeit their Fifth Amendment right to silence if they comply with N.C.G.S. § 15A-905(c)(1) and give notice of intent to offer an affirmative defense. Furthermore, the State may not preemptively impeach a defendant who has not testified.

REVERSED AND REMANDED.